ALBERT LORSCH & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 9, 1906.)

No. 45.

CUSTOMS DUTIES — MEASUREMENT — IMITATION PRECIOUS STONES — "DIMENSIONS."

    The provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 435. 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], for imitation precious stones not exceeding an inch in "dimensions" does not exclude stones exceeding an inch in a single dimension. To be excluded they must exceed an inch in more than one direction.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Appeal by the importers from a judgment of the Circuit Court for the Southern District of New York (135 Fed. 214), which affirmed a decision of the Board of General Appraisers (G. A. 5,661, T. D. 25,251), sustaining the collector in assessing a duty of 45 per cent. ad valorem upon the imported merchandise.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Henry L. Burnett, U. S. Atty., and Charles Duane Baker, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The merchandise in question is composed of glass or paste made to imitate jade, a semiprecious stone. The sample in evidence, taken from the importation, represents an oval cameo about 1 1-5 inches in length, 3-5 of an inch wide and 1-16 of an inch thick. The collector imposed an ad valorem duty of 45 per centum, under Act July 24, 1897, c. 11, § 1, schedule N, par. 112, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], classifying the merchandise as "manufactures of glass or paste." The importers protested, insisting that it should have been assessed under paragraph 435 of the same act; the relevant parts thereof being as follows:

"Imitations of diamonds or other precious stones, composed of glass or paste, not exceeding an inch in dimensions, not engraved, painted, or otherwise ornamented or decorated, and not mounted or set, 20 per centum ad valorem."

The sole question to be determined is whether the importations are within the language last quoted, or, in other words, does an oval stone, which is less than an inch wide, less than an eighth of an inch thick and which is more than an inch in the one particular of length only, exceed an inch in dimensions? We think it does not. The contrary conclusion is reached by substituting the word "dimension" for the word "dimensions" as found in the law, and this upon the theory that Congress intended to use the former and adopted the latter in order to make the sentence grammatical. We see nothing ungrammatical in the paragraph as written, and are convinced that when the dimensions of an object are to be ascertained measurement must be taken, at least, in more than one direction. In common parlance no business man would think of using the word "dimensions"

as synonymous with length. A person about to charter a ship or lease a house would hardly deem his inquiry for dimensions answered by the information that the ship was 280 feet in length, or that the house was 25 feet front. An order for building stones over a foot in dimensions would not be filled by the delivery of stones 13 inches long, two inches wide, and one inch thick, and an order for cloth a yard in dimensions would not be filled by a piece of tape a yard in length. If we turn to the dictionaries we find the word "dimensions" defined as including length, breadth, and thickness, implying the presence of all three of these characteristics—a body having extent, size, and magnitude in at least two directions. In commercial transactions the word usually relates to capacity or bulk and implies cubic rather than superficial proportions. At least there must be measurement in more than one direction; mere length will not do; a straight line has no dimensions.

The appellee construes the paragraph as if it read "not exceeding an inch in length." If this had been the intention of Congress it would have been easy to say so, as was done in several instances in the same act where duty is regulated by the length, width, or thickness of the article. We think the paragraph entirely clear. But concede that it is doubtful, the concession leaves the appellee in no better position, for the property of the citizen may not be taken under an ambiguous law. If there be doubt it should be resolved in favor of the importer.

The judgment, so far as it relates to the merchandise in question, should be reversed, and duty should be levied under paragraph 435.